# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

ADELE H. DUPARQUET AND OTHERS, APPELLANTS, *v.*
CHARLES FAIRCHILD, RESPONDENT.

*Verification of a complaint by the attorney of the plaintiff — when held to sufficiently comply with the requirements of section 526 of the Code of Civil Procedure*

APPEAL from a judgment of the Albany County Court, recovered on January 21, 1888, reversing a judgment recovered by the plaintiffs in the City Court of Albany on November 7, 1887.

In this action, brought in the City Court of Albany to recover for goods sold and delivered by the plaintiffs, as copartners, the defendant was, on November 1, 1887, served with a summons and complaint, verified by the plaintiffs' attorney, who stated in the verification "that he resides in the city and county of Albany, and that he is the attorney for the plaintiffs in the above-entitled action; and that the foregoing complaint is true of his knowledge, except as to those matters stated to be alleged upon information and belief, and that as to those matters he believes it to be true. Deponent further says that the reason this affidavit or verification is not made by said plaintiffs is that neither of them are, or reside, within the county of Albany, which is the county where deponent resides. Deponent further says that his information, as to all matters stated upon information and belief, is derived from the admissions of the defendant to this deponent, and from letters received from said plaintiffs concerning the matters set forth in said complaint."

On the return day named in the summons, the defendant having failed to appear, the City Court rendered a judgment in favor of plaintiffs and against the defendant for damages and costs, $122.29.

The court at General Term said: " A plaintiff may allege all his complaint on information and belief, and then may verify it. In that case there is really no fact positively sworn to. This shows

that the verification of a complaint (simply as a complaint), is quite different from affidavits upon which orders of arrest and the like can be granted. In the latter there must be positive statement of facts from which the court can form its opinion. But in the case of a complaint no action can be had against the defendant until he has been served with a copy, and has had an opportunity to answer. And when he answers he does not answer any matters stated in the verification, but only the allegations of the complaint itself. Now, in this case the plaintiffs' attorney has stated his belief in those parts of the complaint which are alleged on information and belief. He has stated that his information came from letters of the plaintiff and conversations with the defendant. Such letters and conversations are, therefore, the grounds of his belief. For he says his belief rests on information, and he gives the source of his information. Nor has it ever been thought necessary to specify in detail the information. It would be a useless labor for the attorney in such a case to give a copy of the letters or a full narration of the conversations. The defendant cannot suffer. He has only to deny the complaint if it be untrue. If it is true, then he should make no denial. The verification only requires him to verify his answer. If he cannot do this, he ought not to defend. We are of opinion that the verification of the complaint, though not quite formal, was practically sufficient.

"The judgment of the County Court is reversed and that of the City Court affirmed, with costs."

*George H. Stevens*, for the appellant.

*W. C. McHarg*, for the respondent.

Mem. by LEARNED, P. J.; LANDON and INGALLS, JJ., concurred.

Judgment of County Court reversed and that of City Court affirmed, with costs.